**MEMO ENDORSED**

**JEFFREY P. MANS, ESQ.**
LAW OFFICE OF JEFFREY P. MANS
P.O. Box 11-282
Albany, New York 12211-0282
(518) 265-4135
ADKHIGHLANDER@GMAIL.COM

June 21, 2024

Hon. Edgardo Ramos
United States District Court Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

> Douglas's request is denied without prejudice to renew after Poux's deposition is conducted and the parties have met and conferred regarding the need for any supplemental written responses. The Clerk of Court is respectfully directed to terminate the motion, Doc. 73. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: June 25, 2024
> New York, New York

Re:  Poux v. City of New York, et al.
     1:22-CV-9368 (ER) (JW)

Dear Judge Ramos:

    I represent defendant Douglas in the above-referenced action, and pursuant to your Honor's Individual Practice Rules and Local Civil Rule 37.2, respectfully request an informal conference with the Court prior to filing a motion to compel the plaintiff's responses to two limited interrogatories prior to her scheduled deposition on July 11, 2024, as set forth more fully below.

    On Thursday, June 6, 2024, Plaintiff responded to defendant Douglas' May 7th First Set of Interrogatories and Requests for Production of Documents, and among other things, objected to interrogatories 3 and 4, requesting plaintiff to simply identify each and every time she visited the decedent at Rikers or Bellevue. The basis for the plaintiff's objections were relevancy and beyond the bounds of Local Rule 33.3 governing the scope of interrogatories, and plaintiff refused to provide any further information in response to the interrogatories. Beginning on Monday, June 10, 2024, and continuing until today, June 21, 2024, I have communicated with plaintiff's counsel, without success, in a good faith attempt to address the plaintiff's objections to interrogatories 3 and 4, and obtain plaintiff's responses (email chain attached).

    Initially, it is respectfully submitted that interrogatories 3 and 4 are relevant since the plaintiff's First Amended Complaint (Dkt. 32) makes several allegations that Mr. Rivera was deprived of contact with and spending time with his family, including plaintiff and their son, and that she wanted to visit him at Bellevue but was unable until April 3, 2020 (¶¶ 1,11, 20, 33, 34, 91, 96). Given these allegations, the information requested in Interrogatory Nos. 3 and 4 is relevant and material to the claims and defenses in this action, and potential damages. Further, SDNY Local Rule 33.3 allows interrogatories during discovery "if they are a more practical method of obtaining the information sought than a request for production or a deposition." Interrogatory number 3 and 4 simply ask the plaintiff to "[i]dentify each and every time [she] visited Raymond Rivera" at Rikers or Bellevue during the specific time periods that he was there. It is respectfully submitted that the interrogatories are a more practical and superior method of obtaining this information from plaintiff since they seek only the dates, if any, that plaintiff visited Mr. Rivera,

and do not require any explanation or any other information.  Plaintiff is in a better position to consider and accurately identify any dates that she visited Mr. Revera during the time she has to review and respond to the interrogatories, than at a deposition when she may be asked at that moment to identify the dates that she may have visited Mr. Rivera.  Certainly, based upon my experience, deposition witnesses generally do not have a good recollection of event dates, and interrogatories provide an opportunity to consider and respond more accurately and completely than at a deposition.  Finally, plaintiff's suggestion that this application is premature and should await the plaintiff's deposition on July 11, 2024, fails to specifically consider the practicality standard articulated by Rule 33.3, and instead relies upon a general preference for depositions.  It also leaves little time after the deposition to resolve any related discovery disputes since the discovery deadline in the action is July 17, 2024.

Accordingly, I respectfully request an informal conference to address this issue prior to a potential motion to compel.

Thank you.

Respectfully yours,

*Jeffrey P. Mans*

Jeffrey P. Mans

cc:   Counsel of Record (*via* ECF)



Jeffrey Mans <adkhighlander@gmail.com>

## Re: [EXTERNAL] Re: Poux v. NYC et al., 22 Civ. 9368 - Plaintiff's R&Os to Defendant Douglas's Demands

1 message

---

**Jeffrey Mans** <adkhighlander@gmail.com>  Fri, Jun 21, 2024 at 4:07 PM
To: Sara Estela <sestela@ecbawm.com>
Cc: Katie Rosenfeld <Krosenfeld@ecbawm.com>, "Thayer, David (Law)" <dthayer@law.nyc.gov>

I respectfully disagree Sara.

As I see it, it is your refusal to have plaintiff respond that requires the Court's involvement, but we have exhausted the subject.

Thank you.

Jeff

Sent from my iPhone

> On Jun 21, 2024, at 3:54 PM, Sara Estela <sestela@ecbawm.com> wrote:
>
>
> Jeffrey,
>
>
> We do not believe it would be a proper use of the court's resources for you to prematurely raise a dispute regarding discovery you will receive in due course, either via deposition or if deposition proves unsatisfactory, in follow-up requests.
>
>
> Thanks,
>
> Sara
>
> ---
>
> **From:** Jeffrey Mans <adkhighlander@gmail.com>
> **Sent:** Wednesday, June 19, 2024 9:27 AM
> **To:** Sara Estela <sestela@ecbawm.com>
> **Cc:** Katie Rosenfeld <krosenfeld@ecbawm.com>; Thayer, David (Law) <dthayer@law.nyc.gov>
> **Subject:** Re: [EXTERNAL] Re: Poux v. NYC et al., 22 Civ. 9368 - Plaintiff's R&Os to Defendant Douglas's Demands
>
>
> **This Message originated outside your organization.**
>
> ---
>
> Thank you for your response Sara.

Neither your responses or the cases you cite discuss or contain any analysis regarding when interrogatories "are a more practical method of obtaining the information sought than a request for production or a deposition," as provided in LR 33.3.  I have specifically identified and explained why I believe that the two narrow and limited interrogatories are a more practical and superior method of obtaining the information sought.

Other than citing the general rule and preference for depositions in the SDNY, and offering to reconsider following the plaintiff's deposition, you have not substantively addressed the rationale for my requested interrogatories as the more practical method, and leave me no reasonable alternative except to accept your objection and refusal to respond to these two limited interrogatories, or seek a ruling from the Court.  Since I believe that the limited interrogatories are a more practical and superior method of obtaining this information, and are tailored to potentially streamline and prepare for the plaintiff's deposition, it is necessary to the defense of my client to seek the Court's intervention.

Thank you.

Jeffrey P. Mans, Esq.

Law Office of Jeffrey P. Mans

P.O. Box 11-282

Albany, New York 12211-0282

(518) 265-4135

Adkhighlander@gmail.com

This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges.  The information is intended to be conveyed only to the designated recipient(s) of the email message.  Unauthorized use, dissemination, distr bution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

On Tue, Jun 18, 2024 at 10:47 AM Sara Estela <sestela@ecbawm.com> wrote:

> Jeffrey,
>
> Your concern is speculative at this point. And, as you know, interrogatories aren't a substitute for depositions, the preferred form of discovery in this district. *See CG3 Media, LLC v. Belleau Techs., LLC*, 2022 WL 1172499, at *1 (S.D.N.Y. Apr. 20, 2022) (Local Rule 33.3 "reflects a preference for other forms of discovery, such as depositions and document requests" (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("District courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories.")).
>
> We have agreed to revisit the issue after Plaintiff's deposition if your concern materializes. Until then, the requests are premature.

Thanks,

Sara

---

**From:** Jeffrey Mans <adkhighlander@gmail.com>
**Sent:** Monday, June 17, 2024 9:58 AM
**To:** Sara Estela <sestela@ecbawm.com>
**Cc:** Katie Rosenfeld <krosenfeld@ecbawm.com>; Thayer, David (Law) <dthayer@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Re: Poux v. NYC et al., 22 Civ. 9368 - Plaintiff's R&Os to Defendant Douglas's Demands

---

**This Message originated outside your organization.**

---

Sara,

SDNY Local Rule 33.3 allows interrogatories during discovery "if they are a more practical method of obtaining the information sought than a request for production or a deposition." Interrogatory number 3 and 4 simply ask the plaintiff to "Identify each and every time [she] visited Raymond Rivera" at Rikers or Bellevue during the specific time periods that he was there. The interrogatories are a more practical and superior method of obtaining this information from plaintiff since they seek only the dates, if any, that plaintiff visited Mr. Rivera, and do not require any explanation or any other information. Plaintiff is in a better position to consider and accurately identify any dates that she visited Mr. Revera during the time she has to review and respond to the interrogatories, than at a deposition when she may be asked at that moment to identify the dates that she may have visited Mr. Rivera. Certainly, based upon my experience, deposition witnesses generally do not have a good recollection of event dates, and interrogatories provide an opportunity to consider and respond more accurately and completely than at a deposition.

Accordingly, I do not agree with the plaintiff's objections to Interrogatory number 3 and 4, and again request the plaintiff's responses.

Thank you.

Jeffrey P. Mans, Esq.

Law Office of Jeffrey P. Mans

P.O. Box 11-282

Albany, New York 12211-0282

(518) 265-4135

Adkhighlander@gmail.com

This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the email message. Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

On Wed, Jun 12, 2024 at 12:35 PM Sara Estela <sestela@ecbawm.com> wrote:

> Jeffrey,
>
> It's not that the substance of interrogatories isn't discoverable, simply that interrogatories aren't the right discovery tool to get it pursuant to the Local Rules. You will have an opportunity to get this information at Plaintiff's deposition, and you haven't explained why this method is insufficient. Because you'll ultimately get the information you're seeking (in the most efficient and practical way), we don't believe court intervention is necessary or an efficient and appropriate use of court and counsel's resources.
>
> Thanks,
>
> Sara
>
> ---
>
> **From:** Jeffrey Mans <adkhighlander@gmail.com>
> **Sent:** Tuesday, June 11, 2024 7:36 PM
> **To:** Sara Estela <sestela@ecbawm.com>
> **Cc:** Katie Rosenfeld <krosenfeld@ecbawm.com>; Thayer, David (Law) <dthayer@law.nyc.gov>
> **Subject:** Re: [EXTERNAL] Re: Poux v. NYC et al., 22 Civ. 9368 - Plaintiff's R&Os to Defendant Douglas's Demands
>
> **This Message originated outside your organization.**
>
> ---
>
> Sara,
>
> Thank you for your response, but I believe I am entitled to responses based upon the plaintiff's allegations I've cited. If not relevant or discoverable then those allegations regarding visitation should not have been asserted in the complaint, but they are. I will be seeking relief from the court to seek responses from the plaintiff prior to her deposition.
>
> Thank you.
>
> Jeffrey P. Mans, Esq.
>
> Sent from my iPhone
>
>> On Jun 11, 2024, at 5:09 PM, Sara Estela <sestela@ecbawm.com> wrote:

Jeffrey,

In addition to the relevance objection you quote, Plaintiff also objected to these two interrogatories on the grounds that they "exceed[] the bounds of Southern District of New York Local Rule 33.3." Local Rule 33.3 governs the limited scope of interrogatories permissible in the district where this case is pending, and neither Interrogatory Number 3 or 4 falls within one of the limited categories this Rule contemplates. The legal authority you cite is unavailing. For one thing, three of the four cases you quote are out of the Eastern District of New York, where Local Rule 33.3 does not apply. Accordingly, these cases do not concern the proper scope of the Interrogatories at issue here. The one case you cite out of the Southern District actually supports Plaintiff's position in that the court concluded that certain of the interrogatories there had been inappropriate under Local Rule 33.3 when served. *See Melendez v. Greiner*, 2003 WL 22434101, at *10 (S.D.N.Y. Oct. 23, 2003).

Nevertheless, Interrogatory Nos. 3 and 4 seek information that Defendant may properly question Plaintiff about at her deposition. *See, e.g.*, *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022) ("The remainder of the interrogatories seek information beyond that contemplated by Local Rule 33.3(a) and Defendants have made no showing that the information would be more efficiently and practically obtained through an interrogatory.").

To the extent you believe Plaintiff's responses at her deposition are deficient, we are happy to discuss it with you then.

Thanks,

Sara

---

**From:** Jeffrey Mans <adkhighlander@gmail.com>
**Sent:** Monday, June 10, 2024 1:39 PM
**To:** Sara Estela <sestela@ecbawm.com>
**Cc:** Katie Rosenfeld <krosenfeld@ecbawm.com>; Thayer, David (Law) <dthayer@law.nyc.gov>
**Subject:** [EXTERNAL] Re: Poux v. NYC et al., 22 Civ. 9368 - Plaintiff's R&Os to Defendant Douglas's Demands

**This Message originated outside your organization.**

---

Sara,

I am making a good faith attempt to resolve the following issues regarding the plaintiff's objections to Defendant Douglas' First Set of Interrogatories and Request for Documents.

Interrogatory Nos. 3 and 4 request information regarding each and every time, if any, that plaintiff visited the decedent, Raymond Rivera, at Riker's Island or the Bellevue Hospital Prison Ward.  Plaintiff objected to each on the basis that the information sought "is not relevant to any of the claims or defenses in this case," and that "[p]laintiff will not provide any further information in response to this interrogatory."  However, in the First Amended Complaint (Dkt. 32), plaintiff makes several allegations that Mr. Rivera was deprived of contact with and spending time with his family, including plaintiff and their son, and that she wanted to visit him at Bellevue but was unable until April 3, 2020 (¶¶ 1, 11, 20, 33, 34, 91, 96).  Given these allegations, the information requested in Interrogatory Nos. 3 and 4 is relevant and material to the claims and defenses in this action, and potential damages.

**Legal Authority which supports requests:**

***Gilead Scis., Inc. v. Safe Chain Sols. LLC*, 345 F.R.D. 22 (E.D.N.Y. 2024):**

> FRCP 26 states that discovery information need not be admissible in evidence to be discoverable.
>
> The scope of permissible interrogatories is governed by FRCP Rule 33 (a) and FRCP 26 (b) which limits the scope of interrogatories to any nonprivileged matter that is relevant to any party's claim or defenses and such information or evidence need not be admissible in evidence to be discoverable.

***Est. of Tillman by Tillman v. City of New York*, 345 F.R.D. 379 (E.D.N.Y. 2024):**

> Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

***Melendez v. Greiner,* No. 01 CIV.07888 SAS DF, 2003 WL 22434101 (S.D.N.Y. Oct. 23, 2003):**

> Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party....  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Although not unlimited, relevance for the purposes of discovery is "an extremely broad concept." *Zanoqwic v. Reno*, No. 97 Civ. 5292(JGK)(HBP), 2000 WL 1376251, at *2 (S.D.N.Y. Sept. 25, 2000) (citing cases); see *Tangorre v. Mako's, Inc*., No. 01 Civ. 4430(BSJ)(DF), 2002 WL 206988, at *3 (S.D.N.Y. Feb. 8, 2002); *Torah Soft Ltd. v. Drosnin,* No. 00 Civ. 0676(JCF), 2001 WL 1425381, at *3 (S.D.N.Y. Nov.14, 2001) (noting that despite recent amendments to Rule 26(b) somewhat limiting its scope, the rule still allows for broad discovery).
>
> Further, where a party resists discovery of certain information, the burden is on that party to clarify and explain precisely why its objections are proper*. Cox v. McCleelan*, 174 F.R.D. 32, 34 (W.D.N.Y.1997) (quoting *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y.1996)). General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.

***Edebali v. Bankers Standard Ins. Co.,* No. CV147095JSAKT, 2016 WL 4621077 (E.D.N.Y. Sept. 6, 2016):**

> Although a responding party is permitted to object to an interrogatory that it deems to be improper, the grounds for any such objection "must

be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); see Pegoraro, 281 F.R.D. at 128. It follows that "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories ... are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.,* 254 F.R.D. 477, 478 (S.D.N.Y. 2009); *Davidson*, 215 F.R.D. at 77 ("Generalized objections that a discovery request is burdensome without resort to specific reasons is similarly insufficient to justify a refusal to respond.") (quoting Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 592–93 (W.D.N.Y. 1996)). In order to effectively resist providing a response to an interrogatory, a party must show "specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, ... by submitting affidavits or offering evidence revealing the nature of the burden." Pegoraro, 281 F.R.D. at 128–29 (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

If I do not receive appropriate responses to Interrogatory Nos. 3 and 4 in compliance with the FRCP, which means actual substantive answers, I intend to seek court intervention to resolve this issue.

Thank you.

Jeffrey P. Mans, Esq.

Law Office of Jeffrey P. Mans

P.O. Box 11-282

Albany, New York 12211-0282

(518) 265-4135

[Adkhighlander@gmail.com](Adkhighlander@gmail.com)

This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges.  The information is intended to be conveyed only to the designated recipient(s) of the email message.  Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.  If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

On Thu, Jun 6, 2024 at 5:00 PM Sara Estela <sestela@ecbawm.com> wrote:

> Jeff,
>
> Please find attached Plaintiff's Responses and Objections to Defendant Douglas's First Set of Interrogatories and Demand for Documents.

Thank you.

Sara Luz Estela

Emery Celli Brinckerhoff Abady Ward & Maazel LLP

600 Fifth Avenue at Rockefeller Center

New York, NY 10020

Tel: 212-763-5000

sestela@ecbawm.com

www.ecbawm.com