**MEMO ENDORSED**

**JEFFREY P. MANS, ESQ.**
LAW OFFICE OF JEFFREY P. MANS
P.O. Box 11-282
Albany, New York 12211-0282
(518) 265-4135
ADKHIGHLANDER@GMAIL.COM

July 15, 2024

> The City is directed to respond by July 19, 2024.  SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: July 16, 2024
> New York, New York

Hon. Edgardo Ramos
United States District Court Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

Re:    Poux v. City of New York, *et al*.
1:22-CV-9368 (ER) (JW)

Dear Judge Ramos:

I represent defendant Douglas in the above-referenced action.   I regret to inform the Court that following my review of the documents provided by NYC defense counsel David Thayer in response to defendant Douglas' First demand for Documents upon City of New York Defendants, dated and served on May 7, 2024, and my July 11, 2024, deposition of non-party witness NYC Correction Captain Monestaro, it became apparent to me that the NYC defendants failed to produce the requested documents regarding the NYC DOC visitation policies insofar as it applied to visitation of an inmate during hospitalization, such as in the present case, as well as the NYC DOC Covid visitation policies and restrictions. Consistent with my reservation of rights to proceed with my pre-motion conference request on July 10, 2014, pending review of the documents provided and following my deposition of Captain Monestaro on July 11, 2024, I now resubmit my request to renew my pre-motion conference to file motion to compel against the NYC defendants.

As an initial matter, the only responsive document provided by counsel for the NYC defendants, David Thayer, consisted of Directive 2007R-D, entitled Inmate Visit Procedures, that applied only to visitation at NYC DOC facilities.  It did not apply to visitation when an inmate was hospitalized, as in the instant matter, or any further restrictions imposed by NYC DOC during the Covid pandemic, as suggested by Captain Monestaro during his deposition.

More to the point, prior to making the instant application, I emailed NYC defense counsel on July 12, 2024, the next business day following the July 11, 2024, deposition of Captain Monestaro, and requested:

> [C]opies of any NYC DOC documents or policies regarding inmate visitation, including DOC's policies and procedures concerning inmate visitation while in custody and receiving care at a hospital facility, such as Bellevue, during the time period March 21, 2020 to April 3, 2020. If DOC had no policy regarding inmate visitation during hospitalization, and therefore no responsive documents to

defendant Douglas' document demand number 7, then please confirm.   More broadly, it appears that DOC's visitation policies may have changed during that time period as a result of Covid, and limitations imposed by DOC, as indicated during Captain Monestaro's deposition testimony on 7/11/24. If that is the case, please advise and provide responsive documents to defendant Douglas' document demand number 6 and 7.   Since we have an impending discovery deadline, I would appreciate a response by Monday, July 15th.

Mr. Thayer failed to respond to my July 12th email request to produce response documents. Mr. Thayer's failure to respond and lack of professional courtesy is not only troubling, but demonstrates a continuing practice of ignoring defendant Douglas' legitimate discovery demands absent Court intervention.   It is extremely difficult to imagine that the NYC DOC has no policy regarding inmate visitation during periods of hospitalization, since there is a well-recognized First and Fourteenth Amendment Constitutional right to familial association in the Second Circuit. Moreover, any restrictions placed upon inmate visitations during Covid would necessarily require the adoption and implementation of policies by the NYC DOC.

Since no further responsive documents have been produced, and no further communication has been received from Mr. Thayer, I respectfully renew my application for a pre-motion conference to compel production of the requested responsive documents from NYC defense counsel Thayer prior to the expiration of the extended discovery deadline on July 17, 2024, and/or for an extension of the discovery deadline sufficient to compel such production.

Thank you.

Respectfully yours,

*Jeffrey P. Mans*

Jeffrey P. Mans

cc:   Counsel of Record (*via* ECF)

2