# MEMO ENDORSED



**THE CITY OF NEW YORK**

## LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**DAVID S. THAYER**
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

July 19, 2024

> The request to extend the discovery deadline to August 2, 2024, is granted. Douglas's request for a premotion conference (Doc. 82) is denied without prejudice to renew after August 2, 2024, and after the parties have met and conferred. The Clerk of Court is respectfully directed to terminate the motions, Docs. 82, 84. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: July 22, 2024
> New York, New York

*Via ECF*

The Honorable Edgardo Ramos
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **Poux *ex rel.* Estate of Rivera v. City of New York, *et al.***
     **No. 22 CV 9368 (ER)**

Dear Judge Ramos:

I am an Assistant Corporation Counsel in the office of the Acting Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for Defendants City of New York and Ayouba Doumbia (collectively, "City Defendants") in the above-referenced action. I write in response to the Court's July 16, 2024 Order, (ECF No. 83.), and Co-Defendant Antoinette Douglas's July 15, 2024 Letter, (ECF No. 82). I also write, with the consent of Plaintiff's and Co-Defendant's counsel, to respectfully request a 16-day *nunc pro tunc* extension of the deadline for the close of discovery, to August 2, 2024, with respect to the outstanding issues identified below.

First, as Douglas indicated in her Letter to the Court, she propounded a document demand on the City Defendants on July 12, 2024, in light of testimony at a deposition held on July 11, 2024. (ECF No. 83, at p. 1.) This was emailed to myself in the afternoon of July 12, 2024, and demanded a response within one business day. (*See id.* at p. 2.) I respectfully submit to the Court that Douglas's demand for such an expedited turnaround was unreasonable. Nevertheless, I relayed Douglas's demand to my counterparts at the New York City Department of Correction ("DOC") but, as of July 15, 2024, no responsive documents had been identified. Later that day, Douglas filed her letter-motion without any attempt to meet and confer. To date, DOC has not identified any responsive documents to Douglas's demand. However, DOC continues to investigate whether such documents exist. This process is more labor-intensive than

might otherwise be assumed; it requires a document-by-document review of records from a period when DOC – like many other institutions – was responding to rapidly evolving information about the COVID-19 epidemic and how best to minimize transmission, which has direct bearing on the number of documents that must be reviewed to determine whether any are responsive to Douglas's demand. DOC continues to conduct this review.

Second, I wish to separately apprise the Court that Plaintiffs previously made several document demands for certain communications made by Defendant Doumbia. My predecessor on this action, Ms. Kendra Riddleberger, responded to these demands but indicated that a search for additionally responsive documents remained ongoing. Doumbia has confirmed that he has not identified any further documents responsive to Plaintiff's demands. However, in an effort to conclusively confirm that no further documents exist, I have been working with DOC to independently corroborate Doumbia's search results. This process has proven more complex than originally anticipated due to technical issues and remains ongoing.

In light of the continuing progress on these two fronts and with the consent of the other parties' counsel, I respectfully request a *nunc pro tunc* extension of the deadline for the close of fact discovery as to the aforementioned matters. The current deadline for the closure of discovery was July 17, 2024, and a 16-day extension would move this deadline to August 2, 2024. So far as I can discern from the period preceding my assignment to this action, this is the City Defendants' second request for an extension of time to complete discovery. The first request, made jointly with Plaintiff, was granted on December 21, 2023. (ECF Nos. 48-49.) The requested extension would not affect any other existing deadlines. The parties' next scheduled appearance is for a settlement conference in the latter half of September before Magistrate Judge Willis.

I thank the Court for its consideration of this application.

Respectfully yours,

*/s/ David S. Thayer*

David S. Thayer

cc:    ***Via ECF***
All counsel of record

2