UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY POUX, *as Administrator of the Estate of Raymond Rivera*,

> Plaintiff,

– *against* –

CITY OF NEW YORK, AYOUBA DOUMBIA, *and* JOHN and JANE DOES 1-7,

> Defendants.

**ORDER**

22-cv-9368 (ER)

RAMOS, D.J.:

Nancy Poux, as administrator of the estate of Raymond Rivera, brought this suit against the City of New York, NYC DOC data analyst Ayouba Doumbia, New York City employees John and Jane Does 1–7 (together, the "City Defendants"), and State DOCCS parole officer Antoinette Douglas. Doc. 32. Poux's first amended complaint ("FAC") alleges that Rivera was unlawfully over-detained for five weeks, violating the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and constituting false imprisonment under state law and common law negligence. Doc. 32. ¶¶ 23, 119–153.

On December 8, 2023, City Defendants filed their answer to the FAC, in part raising six affirmative defenses and bringing crossclaims against P.O. Douglas. Doc. 45. P.O. Douglas filed a motion to dismiss all claims against her on March 22, 2024. Doc. 63. Prior to the resolution of P.O. Douglas' motion to dismiss, the parties engaged in settlement discussions. *See* Doc. 102. On April 14, 2025, the Court so-ordered City Defendants' stipulation of voluntary dismissal of all crossclaims asserted against P.O. Douglas with prejudice. Doc. 103. On July 13, 2025, the Court so-ordered the settlement

between Poux and Douglas, which dismissed all of Poux's claims against Douglas with prejudice.  Doc. 118.[1]

On February 26, 2026, Poux filed a letter requesting the Court issue an order of compromise pursuant to N.Y. Estate, Powers & Trusts Law ("N.Y. E.P.T.L.") § 5-4.6, approving the settlement amount between Poux and Douglas.  Docs. 134, 135-1. According to the proposed order, approximately 45% of the proposed settlement amount would pay for attorneys' fees and costs.  *See* Doc. 135-1.  In support of the request, Poux filed a declaration from her counsel, her retainer agreements, and a declaration from Poux herself.  *See* Docs. 135–36.

Under N.Y. E.P.T.L § 5–4.6, district courts have concurrent jurisdiction with the New York State Surrogate's Court to approve the compromise of "an action for wrongful act, neglect or default causing the death of a decedent."  *See* N.Y. E.P.T.L § 5–4.6; *DeVincenzi v. City of New York*, No. 19 Civ. 6012 (VSB), 2025 WL 34807, at *2 (S.D.N.Y. Jan. 3, 2025) ("One exception to the Surrogate's Court's jurisdiction relates to claims of wrongful death.  [N.Y. E.P.T.L § 5–4], in conjunction with Local Civil Rule 83.2(b), allows a federal district court to approve the compromise of 'an action for wrongful act, neglect or default causing the death of a decedent.'").  However, where the underlying action does not allege a claim for wrongful death, district courts have found that they lack the requisite jurisdiction to approve an order of compromise.  *See e.g.*, *DeVincenzi*, 2025 WL 34807, at *3; *Santos v. City of New York*, No. 20 Civ. 6091 (EK) (VMS), 2023 WL 5756513, at *6 (E.D.N.Y. Mar. 13, 2023), *R&R adopted*, No. 20 Civ.

---

[1] As a part of the settlement, Poux agreed also to withdraw her claims against Douglas in the related Court of Claims action, *Poux v. State*, Claim No. 141931.  Doc. 118.

6091 (EK)(VMS), 2023 WL 5759185 (E.D.N.Y. Sept. 6, 2023).  Though Poux brings claims related to Rivera's over-detention in the FAC, she does not bring a claim for wrongful death nor does the FAC appear to allege that Douglas' actions or inactions resulted in the death of Rivera.  *See* Doc. 32. 119–153.

Accordingly, Poux is directed to provide a letter citing legal authority demonstrating that this Court has jurisdiction to approve the order of compromise by March 13, 2026.

It is SO ORDERED.

Dated:    March 6, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

3